## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| TRAVIS D. BOBO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-02498-SHL-atc |
| | ) | |
| FREDDIE BOWERS, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING § 2241 PETITION WITHOUT PREJUDICE,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C.

§ 2241 ("§ 2241 Petition") of Petitioner Travis D. Bobo, Bureau of Prisons register #19766-076,

an inmate who at the time he commenced this action, was confined at the Federal Correctional

Institution Memphis Satellite Camp in Millington, Tennessee.[1]  (ECF No. 1 at PageID 2.)

Respondent Warden Freddie Bowers filed a Motion to Dismiss or, in the Alternative, for

Summary Judgment ("Motion to Dismiss"), on September 11, 2023.  (ECF No. 5.)  Petitioner did

not file a response to the Motion to Dismiss, and the time for doing so has expired.  (*See* ECF

---

[1] Petitioner is currently at a Residential Reentry Management facility, or halfway house. *See* Federal Bureau of Prisons, Find an Inmate(https://www.bop.gov/inmateloc/ (type 19766-076 under number; then click search)) (last accessed June 21, 2024).  The Clerk is **DIRECTED** to mail copies of this Order and the Judgment to Petitioner's current address at:

> Federal Bureau of Prisons
> Travis D. Bobo #19766-076
> 701 Broadway, Suite 124
> Nashville, TN 37203

No. 4.)  For the reasons that follow, the Motion to Dismiss is **GRANTED**, and the § 2241

Petition is **DISMISSED**.

## BACKGROUND

Bobo pleaded guilty and was convicted in the United States District Court for the

Western District of Tennessee of conspiracy to distribute and possess with the intent to distribute

and distribution of cocaine, in violation of 21 U.S.C. §§ 846 & 841(a)(1), (b)(1)(A); and

conspiracy to possess with the intent to distribute and distribution of heroin, in violation of §§

846 & 841(a)(1), (b)(1)(D).  (No. 2:18-cr-20036-2 (W.D. Tenn.), ECF No. 481 at PageID 1764–

65.)  On February 22, 2019, Bobo was sentenced to a total aggregate sentence of 120 months of

imprisonment, followed by a 5-year term of supervised release.  (*Id.* at PageID 1764, 1766–67.)

He did not file a direct appeal.

Bobo filed this § 2241 Petition on August 10, 2023.  (No. 2:23-cv-02498, ECF No. 1.)  In

the Petition, he alleges that the Bureau of Prisons ("BOP") has failed to award him earned time

credits under the First Step Act ("FSA") based on his completion of productive activities and

recidivism reduction programming.  (*Id.* at PageID 7.)  According to Bobo, he is entitled to

approximately 1,493 days of earned-time credits, which would result in his immediate release

from custody.  (*See id.* at PageID 6.)

On September 11, 2023, Warden Bowers filed a Motion to Dismiss the § 2241 Petition

under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2]  (ECF No. 5 at PageID 25).

Respondent's motion is supported by the Declaration of Robin Eads, a paralegal for the BOP

---

[2] Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District
Courts permit a respondent to file a pre-answer motion to dismiss a petition for writ of habeas
corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions.  *See* Rule 1(b)
of the Rules Governing Section 2254 Cases in the United States District Courts.

who has access to official records for BOP inmates, including Petitioner's Administrative

Remedy History, which is also attached to the motion.  (ECF No. 5-1.)

Warden Bowers argues that this Court should dismiss the § 2241 Petition based on

Bobo's failure to exhaust his administrative remedies with the BOP.  (ECF No. 5 at PageID 25–

28.)  The Warden further argues that the § 2241 Petition should be denied on the merits because

the BOP has awarded Bobo all earned time credits that he is entitled to under the FSA.  (*Id.* at

PageID 28–31.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for

"failure to state a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion to

dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When considering a motion to

dismiss under Rule 12(b)(6), the Court accepts all well-pleaded allegations as true and construes

the record in the light most favorable to the non-moving party.  *Philadelphia Indem. Ins. Co. v.

Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

Typically, "[a] district court is not permitted to consider matters beyond the complaint"

when considering a motion to dismiss under Rule 12(b)(6).  *Mediacom Se. LLC v. BellSouth

Telecomm., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).  If a court considers material outside of the

pleadings, the motion to dismiss must be converted into a motion for summary judgment under

Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to

present all material pertinent to the motion."  *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d

673, 680 (6th Cir. 2011).  A court may, however, consider exhibits attached to the petition as

well as exhibits attached to the motion to dismiss "so long as they are referred to in the

[c]omplaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

Respondent argues that the Petitioner did not exhaust his administrative remedies and thus the § 2241 Petition should be dismissed for failure to exhaust. (ECF No. 5 at PageID 25.) In a Declaration attached to the Motion, Eads states that Bobo filed nine administrative grievances while in BOP custody (*id*. at PageID 35), including three related to FSA credits. (*Id*.) Those three grievances, however, simply requested that Bobo's FSA credits be applied to his sentence; they did not challenge the calculation of his credits, which is the issue he raises in his Petition.[3] (*Id*. at PageID 36, 47–48.)

Although § 2241 does not contain an express statutory exhaustion requirement, federal inmates must generally exhaust all administrative remedies available before filing a § 2241 petition. *See Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981) ("It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted."). The BOP has established a three-tiered Administrative Remedy Program by which an inmate may progressively redress grievances at the institutional, Regional, and Central Office (national) levels.[4] *See* 28 C.F.R. §

---

[3] Bobo's third request was rejected by the BOP's Central Office because he failed to use the appropriate form. (ECF No. 5-1 at PageID 36, 48.) According to Eads, Bobo "did not resubmit the appeal" on the proper form, despite being "advised that he could resubmit the appeal within 15 days of the date of the rejection notice." (*Id*. at PageID 36.)

[4] Under the BOP's tiered Administrative Remedy Program, an inmate must first attempt to resolve his matter of concern informally with prison staff. 28 C.F.R. § 542.13(a). If informal resolution is not possible, the inmate may file a formal written Administrative Request with the facility's warden within 20 days of the incident forming the basis of the request. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the warden's response, he may appeal to the

542.10, *et seq.* "Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit." *Cooper v. Batts*, No. 21-5828, 2022 WL 4009862, at *2 (6th Cir. Aug. 25, 2022) (internal quotation marks and citation omitted).

A prisoner's failure to exhaust available administrative remedies "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006). Nonetheless, "[t]he Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel Cnty.*, 636 F.3d 218, 223 (6th Cir. 2011) (internal quotation marks and citations omitted). A prisoner cannot "simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

Bobo argues that he should be exempted from the exhaustion requirement because his attempts to exhaust his administrative remedies were "thwarted by the BOP's administration." (ECF No. 1 at PageID 5.) He claims that the same BOP employee "has a chance to deny [his] Administrative Remedy at the BP-8 and the BP-9 level[s]," which Bobo contends is a conflict of interest. (*Id*. at PageID 10.) However, he fails to show how this purported "conflict of interest" has thwarted his attempts at exhaustion. As noted, Bobo filed numerous grievances while in BOP custody, including three related to the application of FSA earned time credits. (*See* ECF No. 5-1 at PageID 35, 47–48.) Yet, he has neither exhausted his administrative remedies as to

---

regional director within 20 days of the date the warden signed the response. 28 C.F.R. § 542.15(a). If the prisoner is not satisfied with the regional director's response, he may submit an appeal to the BOP's general counsel within 30 days of the regional director's signed response. *Id*. This appeal is the final level of administrative review. *Id*.

the claim raised here, nor shown that pursuing the relief he seeks would be futile.  *See Fazzini*, 473 F.3d at 236.

Other district courts in the Sixth Circuit have summarily dismissed § 2241 petitions challenging the denial of FSA credits where the prisoner failed to exhaust administrative remedies.  *See, e.g.*, *Peete v. United States*, No. 2:23-CV-10137, 2023 WL 2472623, at *2 (E.D. Mich. Feb. 13, 2023); *Dyer v. Fulgam*, No. 1:21-CV-104, 2021 WL 3673825, at *2 (E.D. Tenn. Aug. 18, 2021).  Petitioner made no effort to comply with the BOP's administrative remedy process as to this issue prior to filing this Petition.  Therefore, his § 2241 Petition must be **DISMISSED**.[5]  *See Little*, 638 F.2d at 953–54.

## CONCLUSION

Because Petitioner has failed to exhaust his administrative remedies, Respondent's Motion to Dismiss (ECF No. 5) is **GRANTED**.  The § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**.  Judgment shall be entered for Respondent.

## APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition.  *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§

---

[5] Because Petitioner's failure to exhaust his administrative remedies is dispositive, the Court declines to address Respondent's alternative argument that the § 2241 Petition should be denied on the merits because the BOP correctly calculated Petitioner's earned time credits under the FSA and applied them to his sentence.  (*See* ECF No. 5 at PageID 28-31.)

1913 and 1917.  To appeal *in forma pauperis* in a § 2241 proceeding, the petitioner must obtain

pauper status under Federal Rule of Appellate Procedure 24(a).  *Kincade v. Sparkman*, 117 F.3d

949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must

first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P.

24(a)(1).  If the district court certifies that an appeal would not be taken in good faith, or

otherwise denies leave to appeal *in forma pauperis*, the petitioner must move to proceed *in forma

pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a)(4)–(5).

Because Petitioner has failed to exhaust his administrative remedies, the Court finds that

any appeal would not be taken in good faith.  The Court therefore **CERTIFIES** under Rule 24(a)

that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal *in

forma pauperis*.

**IT IS SO ORDERED**, this 27th day of June, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE